UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOSH J. MACK, EXCEL EDUCATIONAL
SERVICES, and KAREN IGLESIA,
IGLESIA EDUCATION CENTERS,

                            Plaintiffs,

                                                                               Case # 14-CV-6262-FPG

v.

                                                                           DECISION AND ORDER

ROCHESTER CITY SCHOOL BOARD
AND CHERYL WHEELER, ASST.
TITLE I DIRECTOR,
                            Defendants.

       Plaintiffs commenced this lawsuit on May 19, 2014 (ECF No. 1), and on June 10, 2014, the Defendants filed a Motion to Dismiss the Complaint. ECF No. 2. Under Local Rule of Civil Procedure 7(b), the Plaintiffs' response to that motion was due fourteen days after the motion was served, or by approximately June 27, 2014. Despite that deadline, the Plaintiffs took no action for over five months, in that they neither responded to the Motion to Dismiss, nor contacted the Court in any fashion.

       Due to this failure, I issued an Order to Show Cause on December 8, 2014, which directed the Plaintiffs to show cause, in writing and before December 19, 2014, why this case should not be dismissed for their failure to prosecute this action. ECF No. 3. The Order to Show Cause further warned the Plaintiffs that their failure to comply with that order would result in the dismissal of this action with prejudice pursuant to Fed. R. Civ. P. 41(b). *Id.*

       By letter dated December 18, 2014, Plaintiff Josh J. Mack as President of Excel Educational Services, LLC requested, on behalf of himself and Plaintiff Jaren Iglesia, an extension of time to respond to the Order to Show Cause. ECF No. 4. In his letter, Mack states that "[w]e were initially unaware that we needed an attorney to file our complaint on our

company's behalf and have spent the last few months searching for a reputable firm that would take our case as well as gathering the required retainer fee." *Id.* The letter went on to state that they "have located a firm and are in the final stages of gathering the required fee and should be ready to present our case in the next few weeks." *Id.*

I granted the Plaintiff's request by letter order dated December 19, 2014, and although they only asked for a few weeks to respond, as a matter of discretion, I extended their time to respond to the Order to Show Cause for a month, and set their new response date as January 20, 2015. ECF No. 5.

On January 21, 2015, I received a letter from Plaintiff Karen Iglesia, in which she requested additional time to retain an attorney, presumably to respond to the Order to Show Cause. ECF No. 7. That letter explained that Plaintiff Iglesia had contacted several attorneys, and stated that "all the attorneys [listed] above are asking for an extensive retainer, however some need time to further review the case and all have different strategies and ideas in going further." *Id.* The letter closed by requesting "a few weeks so that the attorneys can review [the case]." *Id.*

By Text Order dated January 21, 2015, I again granted the Plaintiffs' request, and extended Plaintiffs' time to respond an additional month, or until February 20, 2015. ECF No. 8. In doing so, I also stated that "the Plaintiffs are advised that the Court will not look favorably upon further extension requests. The Motion to Dismiss has been pending since June 10, 2014, and eight months is more than sufficient time to retain counsel and respond to the Motion." *Id.*

Two months have now passed since that Order was issued, and neither have Plaintiffs responded to the Order to Show Cause or to the Motion to Dismiss, nor have they contacted the Court in any fashion during those two months.

Fed. R. Civ. P. 41(b) authorizes a district court to "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962)). While a harsh remedy, the rule is "intended to serve as a rarely employed, but useful, tool of judicial administration available to district courts in managing their specific cases and general caseload." *Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004).

A district court considering a Rule 41(b) dismissal must weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014), quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). No single factor is generally dispositive. *Nita v. Connecticut Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

In this case, the Plaintiffs' failure to comply with court rules and orders has been, for the most part, continuous since June 2014. In the Order to Show Cause dated December 8, 2014, I brought the noncompliance to the Plaintiffs' attention, and in addition to directing them to explain their failures, I warned them that the failure to do so would result in the dismissal of their case with prejudice.

The Order to Show Cause placed Plaintiffs on notice that their failure to respond to the Order would result in the dismissal of this action, yet the Court has not received any substantive response from the Plaintiffs. Instead, they have only asked for extensions of time, and then when those extensions were granted, they ignored the new deadline and failed to respond.

Due to the Plaintiffs' failure to take any real action to move their case forward, and further due to their failure to respond to the Order to Show Cause, this case has been unnecessarily delayed.  There is no indication that the Plaintiffs will participate in this action going forward, as the only actions that they have taken in this case to date have been to ignore a pending motion for over five months, and when Ordered to Show Cause by this Court regarding that failure, to request extensions and then similarly ignore their responsibility to respond to this Court's directives.  This Court has attempted to balance the need to manage its docket with the Plaintiffs' interest in having a fair chance to be heard, and when the Plaintiff's requested additional time to respond, I granted their requests, and gave them more time than they requested.  Despite this, the Plaintiffs have still failed to respond, and they have taken no action to demonstrate that they will diligently prosecute this case.  Since the Plaintiffs have failed to respond, there is no sanction less drastic than dismissal that would be effective.

Because the Plaintiffs have failed to respond to the Order to Show Cause, and because they have not corrected their noncompliance despite being warned of the consequences of failing to respond, I find that dismissal is appropriate under the facts of this case, and this action is hereby dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b).  The pending Motion to Dismiss (ECF No. 2) will be terminated as moot.  The Clerk is directed to close this case.

IT IS SO ORDERED.

DATED:     Rochester, New York
           March 30, 2015

/s/ Frank P. Geraci, Jr.
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court